1  **DEAN MANES**

2  Inmate No.: 224382

3  P.O BOX 22003

4  SANTA ANA, CA    92702

```
                FILED
        CLERK, U.S. DISTRICT COURT

              MAR 2 4 2022

        CENTRAL DISTRICT OF CALIFORNIA
        BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES | ) Case No. 2:22-CR-00001-SVW |
|---|---|
| VS. | ) |
| DEAN EDWARD MANES | ) |
|  | ) |

### STATEMENT OF FACTS:

1. I, DEAN EDWARD MANES, THE DEFENDANT IN THE ABOVE ENTITLED MATTER, DO HEREBY CLAIM THE FOLLOWING TO BE TRUE TO THE BEST OF MY KNOWLEDGE. IT IS MY WISH TO ADD THIS DOCUMENT, MY CLAIMS, REQUESTS, AND STATEMENTS HEREIN, AS PART OF THE COURT RECORD IN THE ABOVE CRIMINAL CASE:

2. UPON THE FIRST MEETING WITH MY ATTORNEY OF RECORD, DINAH MANNING, ON 12/6/2022, SHE STATED THAT THE AUSA INFORMED HER THAT IF I WAS WILLING TO WAIVE INDICTMENT THEN THE GOVERNMENT WOULD IMMEDIATELY

1  PROVIDE MY ATTORNEY AND I THE DISCOVERY PERTAINING

2  TO THE CURRENT CASE AGAINST ME IN THIS COURT. I SPECIFICALLY

3  ASKED FOR COUNSEL, AS I WAS UNSURE OF THE CONSEQUENCES.

4  MANNING LED ME TO BELIEVE ME THAT THE WAIVER OF

5  INDICTMENT WOULD BE IN MY BEST INTEREST AS SHE SAID THAT

6  IT'S UNCOMMON TO RECEIVE THE DISCOVERY "THIS EARLY

7  ON". I ASKED AND WAS TOLD BY MANNING SPECIFICALLY IF I WAS TO

8  RECEIVE THE DISCOVERY, IN ENTIRETY, IMMEDIATELY. I WAS TOLD

9  THAT I WOULD RECEIVE DISCOVERY THAT DAY. AS OF THIS, DATE I

10 HAVE ONLY RECEIVED THE FOLLOWING DOCUMENTS FROM MANNING:

11     A. THE FIRST PAGE OF THE PETITIION FOR THE CURRENT CHARGES

12 AGAINST ME.

13     B. THE PROOF OF MAILING FOR THE ABOVE DOCUMENT.

14 3. DURING ONE VIDEO CONFERENCE WITH MANNING I WAS

15 ALLOWED TO READ THE FULLPETITION AS WEL AS THE ATF

16 REPORT ON THE FIREARMS I AM CHARGED WITH POSESSING.

17 4. DURING THE MOST RECENT VIDEO CNFERENCE ON 2/18/22,

18 MANNING SHOWED ME THE FOLLOWING DOCUMENTS:

19     A. THE ATF REPORT MENTIONED ABOVE.

20     B. A DOCUMENT SEVERAL PAGES LONG, COMPLETELY, REDACTED.

21        MANNING STATED THAT I COULD NOT REAAD IT AS IT IS

22        CLASSIFIED.

23     C. A REPORT RELATED TO PC 596 CHARGE I WAS SCHEDULED TO BEGN

24 TRIAL ON ALONG WITH AN APPRAISAL FOR VALUABLES THAT THE LASD

HAS REFUESED TO RETURN TO ME ALTHOUGH THE ITEMS HAVE NEVER BEEN RELATED TO EVIDENCE IN ANY CASE.

D. A SURVEILLANCE LOG DATED 12/6/21, CONDUCTED BY LASD MAJOR CRIMES DIVISION, THAT BEGINS AND ENDS WITH MY TRIP TO COURT IN AV AND MY SUBSEQUENT ARREST ON THE CURRENT FEDERAL CHARGES WHEN I ARRIVED AT THE AV COURTHOUSE.

E. A DOCUMENT DATED 3/31/21, AGAIN REDACTED ANDDEEMED CLASSIFIED.

F. TRANSCRIPTS FROM APHONE CALL I MADE AT SANTA ANA JAIL. THIS LOG IS ONLY THREE SENTENCES LONG AND COMPLETTELY UNRELATED TO MY CURRENT CHARGES.

5. ON 2/18/22, MANNING AND I ALSO DISCUSSED THE FOLLOWING:

A. I HAVE BEEN UPSET DUE TO THE GOVERNMENT FAILING TO PROVIDE ME DISCOVERY AS PROMISED ON 12/6/21, AS I HAVE BEEN UNABLE TO PREPARE A DEFENSE. SHE STATED "THE AUSA SAYS SHE DOESN'T WANT TO FILE ANY CNSPIRACY CHARGES AGAINST YOU." THIS WAS A DIRECT THREAT TO PREVENT MY FURTHER PURSUIT OF DISCOVERY. WHEN ASKED, BY MANNING, IF I WOUD SIGN A TIME WAIVER, MANNING AGAIN REPEATED THE THREAT OF CONSPIRACY CHARGES BY THE AUSA. TO BE CLEAR, MANNING DOES NOT HAVE MY PERMISSION TO SIGN ANYTHING ON MY BEHALF REGARDING A WAIVER, NOR HAVE I RECEIVED THE WAIVER SHE SAID SHE MAILED TO ME. THE ONLY WAIVER IS THE ONE I MYSELF WROTE ANSENT TO THE COURT WITH STIPULATIONS. I BELIEVE THAT MANNING MAY SIGN THE TIME WAIVER IN QUESTION ON MY BEHALF ALTHOUGH SHE DOES NOT HAVE MY PERMISSION TO DO SO. MANNING SHOULD ALSO NO BE ACTING ON MY BEHALF DUE TO THE CONFLICT THAT IS ONGOING.

B. MANNING INFORMED ME THAT THERE HAS BEEN A CONFLICT IN THE FEDERAL PUBLIC DEFENDERS OFFICE REGARDING MY CASE. I DO NOT BELIEVE THE COURT HAS BEEN NOTIFIED OF THIS CONFLICT. THERE IS AN ONGOING CONFLICT DUE TO THE FACT THAT MANNING'S OFFICE IS DEFENDING A PERSON THAT IS A CONFIDENTIAL INFORMANT AGAINST ME.

C. MANNING FURTHER STATED THAT SHE HAS A MURDER TRIAL IN OKLAHOMA ON 3/1/22, SO AS TO CONVINCE ME TO SIGN THE WAIVER. I DO NOT BELIEVE HER, ALTHOUGH THE COURT CAN EASILY VERIFY THIS CLAIM.

D. I HAVE SENT MANIING SEVERAL LETTERS CONTAING CONFIDENTIAL INFORMATION THAT I BELIEVE SHE HAS SHARED WITH THE GOVERNMENT. MANNING ORDERED ME TO STOP WRITING HER LETTERS DETAILING CONFIDENTIAL MATTERS. THIS WAS DONE ON A RECORDED JAIL CALL AND CAN BE VERIFIED BY THE COURT.

E. ALTHOUGH I HAVE NOT HAD ANY INTENTION OF SIGNING A TIME WAIVER FOR MANNING, I TOLD HER I HAD NOT RECEIVED ANY MAIL FROM HER. I BELIEVE THAT SHE HAS NOT ACTUALLY SENT IT, ALTHOUG THIS CAN BE VERIFIED BY THE COURT.

6. THE AUSA IS IN POSESSION OF INFORMATION THAT INDEPENDENTLY VERIFIES THAT THE CURRENT CHARGES AGAINST ME HAVE BEEN PURSUED ILLEGALLY. THE AUSA IS AWARE OF MY INNOCENCE ON THE CURRENT CHARGES.

7. I WAS RELEASED FROM LA COUNTY JAIL ON BOND ON OR ABOUT 8/26/21. I WAS PLACED ON A GPS MONITOR THAT REMAINED ON MY PERSON UNTIL AFTER MY ARREST ON 12/6/21. IT WAS REMOVED BY SANTA ANA JAIL STAFF.

8. ON OR ABOUT 8/26/21, THE DAY I WAS RELEASED ON BOND, I ENTERED A SOBER LIVING FACILITY CALLED SWAN STREET, 6959 SWAN STREET, VENTURA. I ENTERED ON MY OWN ACCORD. MY INTENTION WAS TO STAY SOBER AND GET MY LIFE IN ORDER, WHILE I FOUGHT THE CHARGES AGAINST ME IN LA COUNTY.

9. ON OR ABOUT 11/1/21, WHILE DRIVING TO WORK AND IN THE PRESENCE OF TWO WITNESSES, MY PO CALLED ME. SHE WAS CONTACED BY INVESTIGATORS. SHE ASKED ABOUT MY LIVING ARRANGEMENT. I STATED THAT I ENTERED SWAN STREET AND I WISHED TO TRANSFER MY SUPERVISION TO VENTURA. SHE ORDERED ME BACK TO LA COUNTY ALTHOUGH I TOLD HER THAT IT WOULD MAKE ME HOMELESS. SHE TOLD ME THAT I COULD TRANSFER IF I COULD WAIVE TIME IN MY FORTHCOMING TRIAL IN LANCASTER BY AT LEAST 90 DAYS. I KNOW THIS TO BE FALSE, AND NOT PART OF NORMAL PROTOCOL.

10. I WENT TO COURT IN AV AROUND 11/4/21. ALTHOUGH THESE CHARGES, ONE OF WHICH THE PC 596, ARE NEARLY 3 YEARS OLD, I STILL DO NOT HAVE AN ASSIGNED ATTORNEY. I HAVE HAD AT LEAST 15 ATTORNEYS, BOTH PRIVATELY HIRED AND GOVERNMENT ASSIGNED, ALL OF WHICH HAVE BEEN EITHER SELF CONFLICTED OR FORCE CONFLICTED BY THE COURTS.

11. I ASKED THE JUDGE, CHU___, IF I COULD WAIVE TIME FOR AT LEAST 90 DAYS SO I COULD REQUEST MY PO TRANSFER MY SUPERVISION TO VENTURA SO I COULD STAY IN THE PROGRAM. HE STATED THAT HE WOULD GIVE ME THE 90 DAYS ALTHOUGH HE WANTED ME BACK ON 12/6/21 BECAUSE, AS HE STATED ON THE RECORD, HE WAS SUSPICIOUS THAT SOMETHING WAS GOING ON AND HE WAS CONCERNED WITH MY LEGAL REPRESENTATION. HE STATED THAT HE WANTED TO ENSURE MY RIGHTS WERE STILL INTACT. I FURTHER STATED THAT I WISHED TO

1 NOTE ON THE COURT RECORD THAT ALTHOUGH IT HAD BEEN OVER TWO
2 YEARS, I STILL HAD NOT RECIVED DISCOVERY IN ANY OF MY CASES,
3 AND NONE OF THE SUBPEONAS FOR EVIDENCE THAT THE COURT ISSUED
4 HAVE BEEN FULFILLED AND I WAS CONCERNED THE EVEIDENCE WOULD
5 BE DESTROYED DUE TO THE AMOUNT OF TIME SINCE THE CHARGES
6 WERE FILED. THIS WAS NOTED ON THE RECORD. I STILL HAVE NOT
7 RECEIVED ANY DOCUMENTATION RELATED TO THESE CHARGES.

8 12. DURING PROCEEDINGS FOR CASES BOTH IN AV AND SFV, BY
9 COUNSEL THAT LATER CONFLICTED, I WAS ADVISED TO WAIVE MY
10 PRELIMINARY HEARINGS. THAT IS NOT COUNTING THE WAIVER OF
11 INDICTMENT ON CURRENT CHARGES.

12 13. I BELIEVE THAT INVESTIGATORS FORCED ME, THROUGH MY PO, TO
13 RETURN TO LA COUNTY SO AS TO EASILY BEGIN OR CONTINUE
14 SURVEILLANCE CLOSER TO THEIR OWN OFFICES OR AREA OF
15 OPERATIONS. I ALSO BELIEVE THE INTENT WAS TO ENTRAPMENT ME
16 AND OR PURSUE AN ILLEGAL CONVICTION AGAINST ME.

17 14. I MOVED IN WITH MY GIRLFRIEND AND HER AUNT AFTER I LEFT
18 SWAN STREET.

19 15. UPON MY ARRIVAL AT COURT ON 12/6/21, I WAS ARRESTED BY
20 INVESTIGATORS. THIS WAS DONE TO PREVENT ME FROM CONTINUING
21 WITH MY TRIAL IN AV COURT. DUE TO THIS, I HAVE BEEN UNABLE TO
22 PURSUE MY DEFENSE IN AV, HAVE BEEN UNABLE TO OBTAIN
23 DISCOVERY, HAVE NOT BEEN APPOINTED CONSEL IN THOSE CASES.

24 16. DURING MY INITIAL APPEARANCE AFTER MY ARREST ON FEDERAL
25 CHARGES, THE AUSA STATED DURING THE BOND HEARING THAT I
26 SHOULD BE DENIED BOND DUE TO MY THREAT TO THE PUBLIC. THE
27 COURT QUESTIONED THIS, ASKING THE AUSA WHY THIS WAS NOW A
28 PROBLEM WHEN I HAD BEEN OUT ON BOND AND THE GOVERNMENT

ONLY NOW WAS CONCERNED WITH THE PUBLIC SAFETY. THE AUSA RESPONDED THAT I WAS ONLY ON BOND FOR THREE WEEKS. THIS WAS A LIE THE AUSA TOLD THE COURT TO DENY MY BOND. THE GOVERNMENT HAS BEEN AWARE OF MY LOCATION AND THAT I HAD BEEN ON BOND FOR FOUR MONTHS, AS THE GOVERNMENT HAD ME UNDER SURVEILLANCE AND BEEN IN CONTACT WITH MY PO. I BELIEVE THAT THE COURT WAS ALSO SUSPICIOUS OF THE AUSA ON 2/4/22, AS THE COURT TOLD THE AUSA TO ENSURE I WAS GIVEN DISCOVERY, WHICH WAS NOT DONE.

17. PRIOR TO MY ARREST, INVESTIGATORS CONTACTED MY GPS MONITORING COMPANY, WORLDWIDE GPS, IN AN ATTEPMT TO GET THE GPS COMPANY TO REVOKE MY ANKLE MONITOR SO AS TO HAVE ME ARRESTED AND PLACED BACK IN CUSTODY IN LA COUNTY. THE GOVERNMENT ALSO ILLEGALLY OBTAINED ACCESS TO MY GPS LOCATIONS FROM THE GPS COMPANY FOR THE PERIOD I WAS ON THEIR SUPERVISION.

18. THE INVESTIGATORS CONTACTED MY BAIL COMPANY, BAIL HOTLINE, ON OR ABOUT 12/1/21, AGAIN IN AN ATTEMPT TO HAVE MY BOND REVOKED.

19. INVESTIGATORS ARRESTED ME ON 12/6/21 AT COURT BECAUSE THEY KNEW I WOULD APPEAR IN COURT. I WAS CHARGED WITH A CRIME THE GOVERNMENT KNOWS THAT I DID NOT COMMIT. THIS WAS CORROBORATED BY CONFIDENTIAL INFORMATION THE GOVERNMENT RECEIVED. THIS IS INFORMATION THE GOVERNMENT BELIEVES IS RELIABLE.

20. THE DOCUMENTS MANNING STATED WERE CONFIDENTIAL, CONTRARY TO HER STATEMENT, SHOULD HAVE BEEN READ TO ME SINCE HER AND I WERE IN A CONFIDENTIAL SETTING ACCORDING TO LAW.

21. I BELIEVE THAT MY ARREST ON 12/6/21, ALSO PREVENTED ME FROM PURSUING CIVIL LITIGATION AGAINST THE ALLEGED VICTIM OF THE PC 596, AS WELL AS LASD.

22. I ASKED MANNING SEVERAL WEEKS AGO TO OBTAIN FINGERPRINTING AND DNA ON THE WEAPONS IN EVIDENCE IN MY CURRENT FEDERAL CASE. THIS WILL PRODUCE EXCULPATORY EVIDENCE ON MY BEHALF.

23. THE CONFIDENTIAL INFORMANT, KAYLEN CHANDLER, WHO PROVIDED INVESTIGATORS WITH DETAILS STATING THAT CHANDLER WAS ACTUALLY IN POSESSION OF THE FIREARMS I AM CHARGED WITH POSSESSING, ALSO CONFIRMED TO INVESTIGATORS THAT THE HOTEL ROOM WHERE THE FIREAARMS WERE RECOVERED WAS IN FACT HER HOTEL ROOM, IN HER NAME.

24. I BELIEVE THE FACTS PROVIDED HEREIN PROVE THE EXISTENCE OF A CRIMINAL CONSPIRACY AGAINST ME, THE INTENT OF WHICH IS TO ILLEGALLY OBTAIN CHARGES AND OR AN ILLEGAL CONVICTION AGAIST ME.

### REQUEST FOR RELIEF:

25. I ASK THE COURT TO APPINT INDEPENDENT COUSEL TO INVESTIGATE THESE MATTERS, ANSWERABLE ONLY TO THE COURT, WITH THE INTENT TO UNCOVER ANY CRIMINAL ACTS AS WELL AS ENSURE THE CONSTITUTIONAL RIGHTS OF ANYONE INVOLVE ARE INTACT. I FURTHER ASK THE COURT TO APPOINT A SPECIAL INVESTIGATOR, PREFERRABLY SOMEONE FROM THE EXECUTIVE BRANCH.

26. DUE TO THE NATURE OF THE INCIDENTS MENTIONED HEREIN, I BELIEVE THAT INVESTIGATORS HAVE CONTINUED TO PURSUE BRANCHES OF INVESTIGATION RELATED FROM MY OWN ATTEMPTED

1  ENTRAPMENT BEGINNING WITH THE CALL FROM MY PO IN NOVEMBER
2  OF 2021.

3  27. I BE APPOINTED COUNSEL DUE TO THE ONGONG CONFLICT BY THE
4  FPD OFFICE. I REQUEST INDEPENDENT COUNSEL, NOT UNDER
5  EMPLOYMENT OF THE GOVERNMENT IN ANY FASHION, AND WHO HAS A
6  HISTORY OF DEFENDING CIVIL RIGHTS AS WELL AS FEDERAL CRIMINAL
7  CHARGES.

8  28. I ASK THE COURT TO DISMISS ALL CHARGES AGAINST ME IN THIS
9  MATTER.

10 29. I, DEAN EDWARD MANES, DEFENDANT IN THE ABOVE ENTITLED
11 MATTER, DO HEREBY REAFFIRM NUMBERS 1-27, AND REQUEST THIS
12 BRIEF AND MY STATEMENTS, CLAIMS, AND REQUEST BE NOTED AS PART
13 OF THE COURT RECORD FOR PURPOSES OF APPEAL IF NECESSARY. I ASK
14 THE COURT TO ENSURE THAT MY RIGHTS ARE, AND HAVE, REMAINED
15 INTACT.

16 30. I SWEAR THE ABOVE TO BE TRUE UNDER THE PENALTY OF PERJURY.

18 SIGN: *D. Manes*
19 DATE: 2/23/2022
20 DEAN EDWARD MANES
21 DEFENDANT

1. COPIES OF THIS DOCUMENT SENT TO:
2. 1. UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
3. 2/23/2022, VIA INSTITUTIONAL MAIL
4. 2. OFFICE OF THE FEDERAL PUBLIC DEFENDER, DINAH MANNING
5. 2/23/2022, VIA INSTITUTIONAL MAIL
6. 3. OFFICE OF THE UNITED STATES ATTORNEY,
7. 2/23/2022, VIA INSTITUTIONAL MAIL
8.
9. SIGN: *[signature]*
10. DATE: 2/23/2022
11. DEAN EDWARD MANES
12. DEFENDANT